David M. Wirtz (9777)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
    Flextronics America, LLC
885 Third Avenue
16th Floor
New York, NY 10022-4834
212-583-9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Dennis Tyson, individually and on behalf of others similarly situated,

        Plaintiff,

-against-

Flextronic Inc.,

        Defendant.

**Case No. 08 Civ. 4219 (WCC)**

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION AS MOOT

### I. PRELIMINARY STATEMENT

Defendant Flextronics America, LLC respectfully seeks an order dismissing Plaintiff Dennis Tyson's First Cause of Action (Violation of the Overtime Provisions of the Fair Labor Standards Act), because he has been offered full relief on his Fair Labor Standards Act ("FLSA") claim.

Mr. Tyson filed this action on May 2, 2008, claiming that Flextronics failed to pay him overtime for an unspecified number of hours of work. He seeks to pursue his FLSA claims, and those of others, in the form of a collective action pursuant to section 216 of the FLSA, and to pursue his New York State law based claims in an FRCP 23 class action. Mr. Tyson bases this

Court's jurisdiction on his federal question claim (Complaint, ¶ 5), and he variously describes the purported class as "15 or more workers" (Complaint, ¶ 12), "250 members" (Complaint, ¶ 16), "all persons who are or were employed by Defendant in the State of New York" for the last six years, presumably regardless of the nature of their positions (Complaint, ¶ 15), and, at one point, even as "probation officers" (Complaint, ¶ 22).

While many of these collective and class action-related claims concededly reflect mere carelessness, others reflect impermissible imprecision about the nature of the collective action Mr. Tyson and his lawyer intend to pursue. This imprecision will be addressed down the road if this motion were to be denied.

For now, what is of consequence is that Mr. Tyson's lack of precision does not extend to his own overtime claims. In what is a somewhat unusual circumstance in actions of this kind, we know the value of Mr. Tyson's overtime claim, without the need for any discovery, because he has described it in detail in a written demand he made to Flextronics before he filed the Complaint. *See* Exhibit "A" to the accompanying Affidavit of Stacey Goode, dated July 2, 2008 ("Goode Affidavit").

Premised upon Mr. Tyson's own calculation of his damages ($2,700.00), Flextronics served him with an Offer of Judgment pursuant to FRCP Rule 68 on June 10, 2008 in the amount of $6,500.00, plus costs and reasonable attorney's fees. There was no response. Accordingly, and for the reasons set forth below, the First Cause of Action in plaintiff's complaint should be dismissed because it is moot and, consequently, this Court does not have subject matter jurisdiction over it.

## II. ARGUMENT

### A. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Under Article III, Section 2 of the U.S. Constitution, this Court's jurisdiction is limited to "actual cases and controversies." *Briggs v. Arthur T. Mott Real Estate, LLC*, 2006 U.S. Dist. LEXIS 82891, *4 (E.D.N.Y. November 14, 2006) citing *Central States Southeast and Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005). As the party invoking the court's jurisdiction, a plaintiff has the burden of demonstrating subject matter jurisdiction. *See* 2006 U.S. Dist. LEXIS 82891 at *4. *See also Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.")

But, "[w]here a defendant offers plaintiff all the relief sought, the plaintiff is said to lose his 'personal stake' in litigation and the issues in the action are no longer considered 'live.'" *See Darboe v. Goodwill Industries of Greater NY & N. NJ*, 485 F. Supp.2d 221, 223 (E.D.N.Y. 2007). Stated otherwise, "[w]hen a case lacks a legally cognizable interest, a justiciable case or controversy no longer exists and the case must be dismissed for lack of subject matter jurisdiction." 2006 U.S. Dist. LEXIS 82891 at *6 citing *Fox v. Bd. of Trustees of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994), *cert. denied*, 515 U.S. 1169 (1995).

### B. Flextronics' Offer of Judgment constitutes full relief to the plaintiff.

At an April 7, 2008 meeting with representatives of the Company including Stacey Goode, Mr. Tyson presented Flextronics with a document detailing a litany of complaints, which included his allegation that he had not been paid for certain overtime work. In that document, he

calculated the outstanding amount allegedly owed to be $2,700.00. *See* Goode Affidavit, Exhibit "A." Flextronics has regularly paid Mr. Tyson at the appropriate overtime rate when he has worked overtime within the meaning of both the FLSA and the New York State Labor Law (Goode Affidavit), and it will defeat his claim that it owes him unpaid overtime if this action is permitted to move forward.

Nonetheless and solely to avoid expending resources on defending this litigation, Flextronics served an Offer of Judgment on Plaintiff's attorney, Robert David Goodstein, pursuant to FRCP Rule 68 "in the amount of Six Thousand Five Hundred Dollars and no/100 cents ($6,500.00), plus reasonable attorney's fees and costs to be determined by the Court in full satisfaction of Plaintiff Tyson's claims against Defendant as set forth in the complaint in this action." *See* Exhibit "A" to Affirmation of David M. Wirtz, dated July 2, 2008 ("Wirtz Affirmation").[1]

Defendant's Offer, which takes into account liquidated damages under the FLSA, is more than twice Mr. Tyson's own overtime damage calculation. As such, it indisputably constitutes full satisfaction of his FLSA claim. At the pre-motion conference on June 30, 2008, Mr. Goodstein claimed that Mr. Tyson's damages are "closer to $7,900" than to the offered amount of $6,500. Since there are no mathematical errors in Mr. Tyson's calculations of the amount due (*see* Exhibit "A" to Goode Affidavit), and since Mr. Tyson presumably knows better than Mr. Goodstein how many overtime hours he worked without being paid for it, because he is the one

---

[1] The Goode Affidavit and Wirtz Affirmation may properly be considered by this Court although they are extrinsic to the Complaint. *See Phifer v. City of New York, supra*, 289 F.3d at 55 (2d Cir. 2002) ("Because the defendants challenge is to subject matter jurisdiction, we may consider materials extrinsic to the complaint. *United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).").

who went to work every day and allegedly worked additional overtime, one has to question how Mr. Goodstein now knows better than he.[2] But we need not wonder, because it is now Mr. Tyson's burden to demonstrate to this Court why it should permit Mr. Tyson to disavow his original calculation of $2,700 under *Phifer v. City of New York, supra*, 289 F.3d at 55.[3]

### C. Because Plaintiff's FLSA claim is moot, this Court lacks subject matter jurisdiction over it, even though he purports to represent a putative class of claimants.

In *Darboe v. Goodwill Industries of Greater NY & N. NJ, supra*, the plaintiff was also pursuing a so-called "hybrid" FLSA/New York Labor Law action on behalf of "all persons who are, or were formerly employed as salaried employees, by Defendants in its retail stores and who were improperly classified as exempt." 485 F. Supp.2d at 222. The defendant in *Darboe*, like Flextronics here, moved to dismiss the case pursuant to Rule 12 as moot after making a Rule 68 offer to the plaintiff in an amount that exceeded all possible recoverable damages. The court noted that "[t]he mootness doctrine has been applied in the context of FLSA collective action overtime cases where defendants have offered the named plaintiff the full relief sought and no other parties have opted in to the action." 485 F. Supp.2d at 223.

Here, as in *Darboe*, no other class members have been identified. Therefore, Mr. Tyson is "held to pursue the action only on behalf of himself. Since the individual plaintiff has been offered the full relief sought, the offer of judgment renders the case moot." 485 F. Supp.2d at 223. *See also Ward v. The Bank of New York*, 455 F. Supp.2d 262, 267 (S.D.N.Y. 2006) (if no

---

[2] It should be noted that Mr. Tyson regularly worked overtime throughout the eighteen months of his employment with Flextronics (Goode Affidavit) and he was paid for such time, so the only unpaid overtime at issue is overtime pay on top of that already paid.

[3] Should Mr. Tyson meet his burden of proving the new and improved value of his alleged damages in his response to this motion, Flextronics will consider providing him with a revised offer of judgment in that amount, but it seems premature to do so now.

additional plaintiffs opt-in to the lawsuit, the plaintiff is deemed to advance only his own claims). Ultimately, the *Darboe* court dismissed the case, holding that "[u]nder these circumstances, the Rule 68 offer of full damages renders deprives the plaintiff of his personal stake in the litigation and renders it moot." 485 F. Supp. 2d at 224.

Similarly, in *Ward v. The Bank of New York*, Judge Chin dismissed a hybrid FLSA/New York Labor Law action in which the plaintiffs claimed that they were due unpaid overtime wages. He held that "[w]hen a defendant offers the maximum recovery available to a plaintiff, the Second Circuit has held that the case is moot and 'there is no justification for taking the time of the court and the defendant in the pursuit of miniscule individual claims which defendant has more than satisfied.'" *Id.* at 267 (internal citations omitted). *See also, Louisdor v. American Telecommunications, Inc.*, 540 F. Supp.2d 368 (E.D.N.Y. 2008)(defendant's Rule 68 offer mooted plaintiff's FLSA claims and deprived court of subject matter jurisdiction).

In this action, as in those cited above, the plaintiff has been offered all that he could recover under the FLSA. Therefore, his claim is moot. He has no procedural right to represent other putative class members, absent their express written consent, and, accordingly, the mootness of his FLSA claim is not undone by the collective action trappings in his complaint.[4]

> D.  **The decision presented to the Court during the pre-motion conference, *Bowens v. Atlantic Maintenance Corp.*, does not hold to the contrary at page 22 or anywhere else.**

At the parties' June 30, 2008 pre-motion conference, Mr. Goodstein relied heavily on the recent decision in *Bowens v. Atlantic Maintenance Corp.*, 2008 U.S. Dist. LEXIS 20325 (E.D.N.Y. 2008), as support for the proposition that the courts are unwilling to permit an offer of

---

[4] The same may not be said for his Second Cause of Action, which raises New York State Labor Law claims. They, too, lack merit, but the class action trappings, no matter how imprecisely they may have been pled, appear to immunize the Second Cause of Action from dismissal for mootness, and it is for this reason that Defendant's motion is confined to the Plaintiff's First Cause of Action.

judgment to moot a plaintiff's claim in a section 216(b) collective action. He represented to this Court that *Bowens* sets forth a long list of authorities for this proposition.

*Bowens* stands for no such proposition of law and contains no such list. In *Bowens*, a motion to certify the case for collective action notice was pending at the time the court was deciding the motion to dismiss. *Id.* at *60. Moreover, the plaintiffs alleged that the defendant had engaged in various forms of misfeasance with respect to employees who had opted in, including attempts to buy off or otherwise intimidate opt-ins into dropping their cases or discharging their attorneys. *Id.* at *43, 60 ("As noted above, the circumstances surrounding the withdrawal of several of the opt-in plaintiffs are murky at best...."). Here, there are no allegations that Flextronics has behaved in this manner, and not only is there no pending motion to certify a class, Mr. Tyson has not even identified any other putative plaintiffs. *Id.* at *57.

But most importantly, every single one of the decisions listed by Mr. Goodstein from *Bowens* – *Weiss v. Regal Collections*, *McDowall v. Cogan*, *Nasca v. GC Servs. Ltd. P'ship*, *Schaake v. Risk Mgmt. Alternatives, Inc.*, *White v. OSI Collection Servs.*, Inc., and *Eckert v. Equitable Life Assurance Soc. of the U.S.* – relate to Rule 23 opt-out class actions, *not 216(b) opt-in collective actions*. *See* cases cited at 2008 U.S. Dist. LEXIS 20325 at * 52. This is a fundamental difference. In a Rule 23 class action, absent class members may be prejudiced by a dismissal, because they are members of the class unless and until they opt out. By contrast, putative class members who have not opted-in to a 216(b) action are neither bound nor prejudiced by any outcome. The *Darboe* decision, which is cited in *Bowens*, describes this difference as follows:

> In a Rule 23 class action, once a class is certified, all those falling within the description of the class certified are deemed a part of the case and will be bound by the outcome unless they take the affirmative action of opting out of the matter.... In contrast, an

> FLSA collective action requires members of the class to take the affirmative step of "opting in" to the action to be a part of the action and bound by its terms. Where no class member has opted in to the collective action, the named plaintiff is deemed to represent himself only. In such cases, application of Rule 68 to moot a single plaintiff's claim creates no conflict with the policy underlying the collective action procedure.

485 F. Supp.2d at 223-224. *See also* 540 F. Supp.2d at 373 ("This court agrees that Rule 23 actions are distinguishable from section 216(b) collective actions brought under the FLSA, in the context of offers of judgment.") Further, the *Bowens* court noted and approved the court's decision in *Briggs* as support for the proposition that "[i]n the context of an FLSA opt-in action, courts have held that a Rule 68 offer moots the named plaintiffs claim." 2008 U.S. Dist. LEXIS 20325 at *55.

In sum, the Rule 23 cases cited in *Bowens* for the proposition being advanced by Mr. Goodstein have no applicability to the instant motion, which pertains to a section 216(b) FLSA action, and pursuant to this Circuit's FLSA case law, the First Cause of Action is moot and should be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court grant its motion to dismiss the Plaintiff's First Cause of Action because the Court does not have subject matter jurisdiction over it because the rejected Offer of Judgment would have made the Plaintiff more than whole.

Date: July 2, 2008
New York, New York

/s/ David M. Wirtz
David M. Wirtz (9777)
LITTLER MENDELSON
  A Professional Corporation
885 Third Avenue
16th Floor
New York, NY 10022.4834
212.583.9600

Attorneys for Defendant
  Flextronics America, LLC

Firmwide:85625918.7 014692.1119